# Exhibit B

1  GREGORY A. DOUGLAS, ESQ. (SBN 147166)
   JAMIE McCRARY, ESQ. (SBN 287023)
2  LAW OFFICES OF GREGORY A. DOUGLAS
3  4276 Katella Ave., #301
   Los Alamitos, CA 90720
4  Tel.:   (562) 252-8800
   Fax:   (562) 256-1006
5  greg@gdouglaslaw.com

6  Attorneys for PLAINTIFF(s)
7  STEPHANE SMITH

**FILED**

JAN 0 6 2023

EL DORADO CO. SUPERIOR COURT
BY _____
(DEPUTY CLERK)

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF EL DORADO

10

11   STEPHANIE SMITH, an individual,         Case No.   **23CV0207**

12                    PLAINTIFF,             **COMPLAINT FOR DAMAGES,
                                             RESTITUTION AND STATUTORY
13   vs.                                     PENALTIES**

14
                                             1.  **Failure to Pay Overtime [Lab. C. §§ 510, 558,**
15   GHOST MOUNTAIN RV RESORT, L.L.C., a         **558.1, 1194, 1198, 2699, and 2699.3 and IWC**
     limited liability company; DOES 1-10,       **Orders];**
16   business entit(ies), form(s) unknown; DOES  2.  **Failure to Maintain Records [Lab. C. §§ 558,**
     11-20, individual(s); and DOES 21-30,       **558.1, 1174, 1174.5, 2699, 2699.3 and 2699.5];**
17   inclusive,                               3.  **Failure to Provide Accurate Itemized**
                                                 **Statements [Lab. C. §§ 226, 226.3, 558, 558.1,**
18                    Defendant(s).              **2699, 2699.3 and 2699.5];**
                                             4.  **Failure to Pay Minimum Wage [Lab. C. §§**
19                                               **1197, 1197.1, 1194, 1194.2, 2699, 2699.3 and**
                                                 **IWC Orders];**
20                                           5.  **Failure to Pay Wage on Established Paydays**
                                                 **[Lab. C. §§ 204, & 210, 2699, and 2699.3];**
21                                           6.  **Failure to Provide Meal Periods and Rest**
                                                 **Periods Lab. C. §§226.7, 512, 558.1];**
22                                           7.  **Failure to Pay all Wages at Time of Discharge**
                                                 **[Lab. C. §§ 201, 202, 203, 227.3, & 558, 558.1,**
23                                               **2699, 2699.3 and 2699.5];**
                                             8.  **Unfair Competition [B&PC § 17200-et seq.];**
24                                           9.  **Failure to Permit the Inspection or Copy of**
                                                 **Records [Lab. C. §§ 226, 558, 558.1, 2699,**
25                                               **2699.3 and 2699.5];**
                                             10. **Sexual Harassment in Violation of FEHA**
26                                               **(Hostile Work Environment);**
27                                           11. **Quid Pro Quo Sexual Harassment – FEHA;**

LAW OFFICES OF
GREGORY A.        PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES
DOUGLAS

1/6/23

12. Failure to Prevent Harassment and Retaliation
   [Gov. Code §§ 12940, et seq.];
13. Retaliation for Engaging in Protected
    Activity – FEHA;
14. Violation of Labor Code Section 1102.5;
15. Intentional Infliction of Emotional Distress;
16. Negligent Infliction of Emotional Distress;
17. Wrongful Termination in Violation of Public
    Policy; and
18. Wrongful Termination in Violation of
    California Labor Code Section 98.6.

**COMES NOW** PLAINTIFF STEPHANIE SMITH ("PLAINTIFF") complains and alleges

against the above-named DEFENDANTS GHOST MOUNTAIN RV RESORT, L.L.C.; DOES 1-10,

DOES 11-20, and DOES 21-30, inclusive (collectively "DEFENDANTS"), and each of them, for

causes of action as follows:

## GENERAL ALLEGATIONS

1.      PLAINTIFF, brings this action against DEFENDANTS, and each of them, for statutory

damages, injunctive relief, prejudgment interest, costs, attorney's fees, restitution, penalties, and other

appropriate relief for DEFENDANTS, and each of their violations of the Orders of the Industrial

Welfare Commission applicable to PLAINTIFF's' industry and occupation, including, but not limited

to, Wage Order No. 5-2001 (collectively "Wage Orders"), and various sections of the California Labor

Code ("Labor Code") as alleged in this Complaint, various sections of the Government Code (Gov.

Code), and California Business & Professions Code §§ 17200-et seq.

2.      On September 27, 2022, PLAINTIFF by online portal submission served notice of the

Labor Code violations alleged in this Complaint, in the manner required by Labor Code § 2699.3, on

the California Labor & Workforce Development Agency, (hereinafter the "Labor Board"). Said notice

was also served by certified mail on DEFENDANTS, and each of them, at their last known addresses,

respectively. Upon the expiration of sixty (60) days or more following the sending of the notice, and

neither of the PLAINTIFF herein, nor PLAINTIFF's counsel have received notice from the Labor

Board that said agency was accepting PLAINTIFF's respective claims for prosecution, PLAINTIFF

1  alleges the right to proceed with all remedies provided by law, including in addition to any

2  compensatory damages awarded on PLAINTIFF's Complaint herein, any and all statutory penalties

3  which are collectible by PLAINTIFF under the provisions of Labor Code §§ 2698-2699.5, commonly

4  known as the Labor Code Private Attorney General Act of 2004.

5      3.      To the extent that PLAINTIFF, and each of them, allege a private right of action for

6  penalties under Labor Code §§ 2698-2699.5, PLAINTIFF, and each of them, bring said civil action on

7  behalf of PLAINTIFF individually and other current or former employees against DEFENDANTS,

8  and each of them.

9      4.      Jurisdiction is proper in this Court because alleged damages exceed $25,000.00 and

10  PLAINTIFF seeks a permanent injunction according to California Code of Civil Procedure ("CCP") §

11  580 (b)(2).

12      5.      Whenever, in this Complaint, a reference is made to "and each of them" when referring

13  to DEFENDANTS, such allegation shall be deemed to mean the referenced DEFENDANTS

14  individually, jointly, and/or severally.

15      6.      Whenever, in this Complaint, a reference is made to "at all relevant times," such

16  allegation shall be deemed to mean PLAINTIFF's employment with DEFENDANTS, and each of

17  them, starting from the four-year period preceding the filing of this Complaint through and including

18  the date of termination of the employment relationship between PLAINTIFF and DEFENDANTS, and

19  each of them, respectively.

20                              **THE PARTIES**

21      7.      STEPHANIE SMITH ("SMITH") is and, at all relevant times herein, was a resident of

22  EL DORADO County, State of California. At all relevant times herein, SMITH was employed by

23  DEFENDANTS, and each of them, in the State of California.

24      8.      PLAINTIFF is informed and believes, and on that basis alleges, that Defendant

25  GHOST MOUNTAIN RV RESORT, L.L.C., ("GHOST MOUNTAIN RV") is and, at all relevant

26  times herein, was a business limited liability company organized, existing, and authorized to do

27  business under the laws of the State of California, and doing business at 2715 PARKER DAM RD,

1 PARKER, CA 92242, in the County of San Bernardino, State of California. At all relevant times

2 herein, GHOST MOUNTAIN RV RESORT, L.L.C. was the employer of PLAINTIFF, in the State of

3 California.

4      9.    PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS sued

5 herein as DOES 1-10, but is informed and believes that DOES 1-10 are business entities (form

6 unknown) and employers (joint or otherwise) of PLAINTIFF. PLAINTIFF is ignorant of the true

7 names and residences of DEFENDANTS sued herein as DOES 11-20, but is informed and believes

8 that DOES 11-20 are natural persons (individuals) and employers (joint or otherwise) of PLAINTIFF.

9 PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS sued herein as DOES 21-

10 30. Based upon the foregoing, PLAINTIFF sues DOES 1-10, DOES 11-20, and DOES 21-30

11 (collectively "DOE DEFENDANTS") by such fictitious names and capacities. PLAINTIFF will

12 amend this complaint to show said DOE DEFENDANTS' true names and capacities when they have

13 been ascertained. PLAINTIFF is informed and believes, and on that basis allege, that each of the DOE

14 DEFENDANTS acted wrongfully, maliciously, intentionally and negligently; violated the Wage

15 Orders, Govt. Code, California Laws, and the Labor Code as alleged in this Complaint; that each is

16 legally responsible in some manner for the events, happenings, and/or occurrences alleged in this

17 Complaint; and that the injuries and damages of PLAINTIFF were proximately caused by DOE

18 DEFENDANTS, either through their own conduct or through the conduct of their agents and/or

19 employees.

20      10.    PLAINTIFF is informed and believes, and on that basis alleges, that, at all relevant

21 times herein DEFENDANTS, and each of them, maintained offices, operated businesses, employed

22 persons, conducted business in, and paid employees by illegal payroll practices and policies in the

23 County of El Dorado.

24      11.    PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS,

25 and each of them, is, and at all times relevant hereto was, a person, corporation or other business entity

26 existing and operating within the confines of the State of California, and thus subject to the jurisdiction

27 of the California courts by reason of "minimum contacts" in California, and/or by purposeful

LAW OFFICES OF
GREGORY A.
DOUGLAS

4

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

1   availment of the California market for labor of the kind provided by PLAINTIFF, and did transact and

2   conduct business in the State of California, and are thus subject to the jurisdiction of all laws,

3   regulations and court decisions rendered by the State of California.

4                              **AGENCY ALLEGATIONS**

5        12.    PLAINTIFF is informed and believes, and thereon alleges, that, at all relevant times

6   herein, DEFENDANTS, and each of them, were the partner, officer, director, agent, employee, servant

7   and/or representative of each of the remaining DEFENDANTS, and in doing the things as alleged in

8   this Complaint, were acting within the course, scope, and/or authority of such agency, service,

9   employment, partnership and/or joint venture, and with the consent, knowledge, approval and

10  ratification of each of the other DEFENDANTS.

11       13.    PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS,

12  and each of them, at all relevant times herein:

13              a.   Managed the business for which PLAINTIFF was employed;

14              b.   Exercised and/or employed direct control over the wages, hours, and working

15                   conditions of PLAINTIFF, whether personally or through an agent or any other

16                   person;

17              c.   Exercised and/or employed indirect control over the wages, hours, and working

18                   conditions of PLAINTIFF, whether personally or through an agent or any other

19                   person;

20              d.   Authorized, directed, sanctioned, consented, cooperated, approved, aided,

21                   instigated, assisted, participated in, made the decision to, and/or voted for the

22                   misclassification and/or wrongful treatment of PLAINTIFF as an exempt employee

23                   for purposes of exemption from the applicable Wage Orders and/or Labor Code;

24              e.   Authorized, directed, sanctioned, consented, cooperated, approved, aided,

25                   instigated, assisted, participated in, made the decision to, and/or voted for the

26                   tortuous and unlawful acts of commission or omission which are in violation of the

27

LAW OFFICES OF
GREGORY A.
DOUGLAS

                                          5
        PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

1    applicable Govt. Code, California Laws, Wage Orders and/or Labor Code, as

2    alleged in this Complaint, and incorporated herein by reference;

3    f.  Authorized, directed, sanctioned, consented, cooperated, approved, aided,

4    instigated, assisted, participated in, made the decision to, and/or voted for the

5    tortuous and unlawful acts of commission or omission which caused the other

6    DEFENDANTS, and each of them, to violate the applicable Govt. Code, California

7    Laws, Wage Orders and/or Labor Code, as alleged in this Complaint, and

8    incorporated herein by reference;

9    g.  Authorized, directed, sanctioned, consented, cooperated, approved, aided,

10   instigated, assisted, participated in, made the decision to, and/or voted for the

11   tortuous and unlawful acts of commission or omission which have operated to the

12   injury and prejudice of PLAINTIFF, as alleged in this Complaint, and incorporated

13   herein by reference;

14   h.  Knew or reasonably should have known that his/her/its conduct and/or conduct

15   under his/her/its control was in violation of the applicable Govt. Code, California

16   Laws, Wage Orders and/or Labor Code, and he/she/it failed to take or order

17   appropriate action to remedy and/or avoid the violation of the applicable Wage

18   Orders and/or Labor Code as alleged in this Complaint, and incorporated herein by

19   reference;

20   i.  Knew or reasonably should have known that his/her/its conduct and/or conduct

21   under his/her/its control caused the other DEFENDANTS, and each of them, to

22   violate the applicable Govt. Code, California Laws, Wage Orders and/or Labor

23   Code, and he/she/it failed to take or order appropriate action to remedy and/or avoid

24   the violation of the applicable Wage Orders and/or Labor Code by the other

25   DEFENDANTS, and each of them, as alleged in this Complaint, and incorporated

26   herein by reference;

27

j. Knew or reasonably should have known that his/her/its conduct and/or conduct under his/her/its control was injuring PLAINTIFF and he/she/it failed to take or order appropriate action to avoid the harm;

k. Acting in concert, knowingly and willfully conspired among themselves and agreed to and did institute a plan pursuant to which the DEFENDANTS, and each of them, required PLAINTIFF to work unpaid overtime hours notwithstanding the fact that PLAINTIFF was not exempt from the requirement to pay overtime compensation under any applicable exemption under the Wage Orders and/or Labor Code;

l. Furthered the conspiracy by cooperation with or lent aid and encouragement to or ratified and adopted the acts of each of the other DEFENDANTS, and each of them, including, but not limited to, their refusal and failure to ensure proper payment of wages to PLAINTIFF and instead voting for or otherwise approving continuing unlawful wage practices, refusing to properly investigate and ensure PLAINTIFF was treated in compliance with the applicable Wage Orders and Labor Code, as alleged in this Complaint, and instead voting for or otherwise approving continued violations of the applicable Govt. Code, California Laws, Wage Orders and Labor Code and breaches of duty.

## ALTER EGO ALLEGATIONS

14.    PLAINTIFF is informed and believes, and on that basis alleges, that at all times herein mentioned, each of the DEFENDANTS was the alter ego of the remaining DEFENDANTS, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining DEFENDANTS. PLAINTIFF is informed and believes, and thereon alleges, that there exists a unity of ownership and interest, between one or more of DEFENDANTS herein and one or more of the other DEFENDANTS herein, such that any individuality and separateness between said DEFENDANTS has ceased, and the said other DEFENDANTS, and each of them, was at all times relevant to PLAINTIFF's claim, the alter ego of and all other DEFENDANTS.

LAW OFFICES OF
GREGORY A.
DOUGLAS

7

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

15.    PLAINTIFF is informed and believes, and on that basis alleges, that the Court's adherence to the fiction of the separate existence of any or all DEFENDANTS as entities distinct from the other DEFENDANTS would permit an abuse of the corporate privilege, would sanction fraud and/or promote injustice in that said DEFENDANTS, and each of them, have defaulted on their individual and collective obligations to PLAINTIFF under California law.

16.    PLAINTIFF is informed and believes, and on that basis alleges, that one or more of DEFENDANTS herein was an entity which is, and at all times herein mentioned was, controlled, dominated, and operated by one or more of the other DEFENDANTS and in that the activities and business of the other DEFENDANTS was carried on without the holding of director's or shareholders meetings and no records or minutes of any corporate proceedings were maintained.

17.    PLAINTIFF is informed and believes, and on that basis alleges, that one or more of DEFENDANTS herein, and all other business entity DEFENDANTS herein, is and at all times herein mentioned was, a mere shell and sham without the requisite capital and assets. Thus, said all other business entity DEFENDANTS herein, is and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done by DEFENDANTS, said capitalization was inadequate to do business properly and legally under California law.

18.    At all relevant times herein, DEFENDANTS, and each of them, were subject to the Labor Codes of the State of California, and to the existing and applicable Wage Orders.

### FACTS COMMON TO ALL CAUSES OF ACTION

19.    At all relevant times herein, the employment of PLAINTIFF was subject to the provisions of the Govt. Code, California Laws, Labor Code and to the Wage Orders. At all relevant times herein, the Wage Orders applied to the wages, hours, and working conditions of PLAINTIFF employed by DEFENDANTS, and each of them.

20.    SMITH was employed in a sales representative position with DEFENDANTS, and each of them, continuously from on or about May 2021 until termination of the employment relationship on or about April 2022.

LAW OFFICES OF
GREGORY A.
DOUGLAS

8

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

21.    Throughout her employment, PLAINTIFF experienced unwanted sexual advances and sexual harassment from an employee of Ghost Mountain RV.

22.    PLAINTIFF made a complaint about the sexual harassment to DEFENDANT'S sales manager employee, Stacy Wilson. Mr. Wilson advised PLAINTIFF that if she were to go through the human resources procedures, she would likely end up terminated. Wilson advised PLAINTIFF that she would handle the sexual harassment situation, however, no actions were taken.

23.    At all relevant times, SMITH was not primarily engaged (more than 50 percent of the time) in duties that meet any of the exemptions as defined in the Wage Orders and Labor Code. At all relevant times, SMITH was a non-exempt employee entitled to the protections of the Wage Orders and Labor Code as alleged in this Complaint and incorporated herein by reference.

24.    At all relevant times herein, SMITH routinely worked in excess of eight (8) hours per day and forty (40) hours per week. At all relevant times herein, DEFENDANTS, and each of them, routinely and systematically failed to properly record accurate time records for SMITH showing when SMITH began and ended each work period.

25.    At all relevant times herein, SMITH was typically paid a wage, without regard to the number of hours actually worked by SMITH ("Wage Rate").

26.    PLAINTIFF is informed and believes, and thereon alleges, that at all relevant times herein, SMITH was entitled to an hourly rate of pay of approximately $15 per hour.

27.    DEFENDANTS, and each of them, routinely and systematically failed to pay to PLAINTIFF all wages owed for all hours actually worked, including but not limited to commissions owed to PLAINTIFF. PLAINTIFF complained to DEFENDANTS, and each of them, about this fact, to no avail.

28.    Throughout PLAINTIFF's employment, DEFENDANTS, and each of them, failed to provide PLAINTIFF with accurate itemized wage statements showing the correct number of hours worked by PLAINTIFF and commissions owed at the effective regular and overtime rates of pay applicable to those hours worked.

LAW OFFICES OF
GREGORY A.
DOUGLAS

9
PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

29.    DEFENDANTS routinely failed to compensate PLAINTIFF earned commissions for sales PLAINTIFF would finalize.

30.    On or around April 25, 2022, PLAINTIFF made a complaint with the Labor Board regarding her earned but unpaid commissions and DEFENDANT's unwillingness to compensate PLAINTIFF for such wages.

31.    Approximately two days later, on or around April 27, 2022, DEFENDANT terminated PLAINTIFF'S employment. Despite PLAINTIFF receiving 'Salesperson of the Month' for the three months preceding her termination, PLAINTIFF was wrongfully terminated in retaliation for making continued complaints regarding the ongoing sexual harassment and in retaliation for submitting a complaint to the Labor Board.

32.    On or about May 24, 2022, PLAINTIFF sent a letter to DEFENDANTS GHOST MOUNTAIN RV, requesting to inspect or copy PLAINTIFF's employment records, as soon as practicable, but no later than 21 calendar days from the date of the request. DEFENDANTS GHOST MOUNTAIN RV failed and refused to permit PLAINTIFF to inspect or copy PLAINTIFF's employment records within the time set forth in Labor Code § 226 (c).

33.    Prior to filing this action, PLAINTIFF exhausted her administrative remedies by timely filing and receiving a right-to-sue letter through the Department of Fair Employment and Housing ("DFEH"). PLAINTIFF received her right-to-sue letter on January 4, 2023.

34.    As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Govt. Codes, Labor Codes and Wage Orders, PLAINTIFF has suffered, and continues to suffer losses related to the use and enjoyment of wages and lost interest on such wages all to PLAINTIFF's damage, respectively, in amounts according to proof at trial.

**FIRST CAUSE OF ACTION**

**(Failure to Pay Overtime – Labor Code §§ 510, 558, 558.1, 1194, 1198, 2699, 2699.3 and Section**

**3 of the Applicable Wage Orders Against All DEFENDANTS)**

35.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

LAW OFFICES OF
GREGORY A.
DOUGLAS

10

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

Exhibit B
Notice of Removal Page 19

36.    Pursuant to Labor Code §§ 510, 558, 558.1, 1194, 1198 and related statutes, and also pursuant to Section 3 of the Wage Orders applicable to PLAINTIFF's industry and occupation, DEFENDANTS, and each of them, were required to compensate PLAINTIFF overtime compensation at prescribed hourly overtime rates for all overtime hours actually worked.

37.    At all relevant times herein, DEFENDANTS, and each of them, have failed and refused to properly calculate overtime compensation to PLAINTIFF as required by law.

38.    At all relevant times herein, DEFENDANTS, and each of them, routinely and systematically failed to properly record accurate time records for PLAINTIFF, showing when PLAINTIFF began and ended each work period.

39.    At all relevant times herein, DEFENDANTS, and each of them, paid PLAINTIFF's Wage Rate regardless of the actual hours worked.

40.    By failing to properly record the actual hours worked by PLAINTIFF, and paying to PLAINTIFF the Wage Rate regardless of the actual hours worked, DEFENDANTS, and each of them, routinely and systematically failed to pay PLAINTIFF for the premium pay for all of PLAINTIFF's overtime hours as required by Labor Code §§ 510, 558, 558.1, 1194, 1198 and related statutes, and also pursuant to Section 3 of the Wage Orders applicable to PLAINTIFF's industry and occupation.

41.    At all relevant times herein, DEFENDANTS, and each of them, failed and refused to compensate PLAINTIFF for overtime hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, as required under the aforementioned labor regulations. Specifically, DEFENDANTS, and each of them, failed to compensate PLAINTIFF for overtime hours worked in excess of eight (8) hours per day, forty (40) hours per week, and/or for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek at one and one-half (1½) times the regular rate of pay; and/or double-time hours for hours worked in excess of twelve (12) hours per day and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive workday.

42.    As a direct and proximate result of the willful, knowing, and intentional violation of Labor Code §§ 510 and 1198, and/or section 3 of the Wage Orders regulating hours and days of work by DEFENDANTS, and each of them, PLAINTIFF has been damaged in that the PLAINTIFF has not

Exhibit B
Notice of Removal Page 20

1  received all wages due and owing, and has suffered, and continues to suffer losses related to the use

2  and enjoyment of wages and lost interest on such wages all to PLAINTIFF's damage in amounts

3  according to proof at trial.

4      43.    As a direct and proximate result of the conduct of DEFENDANTS, and each of them,

5  in violation of Labor Code §§ 510 and 1198, and/or section 3 of the Wage Orders regulating hours and

6  days of work, PLAINTIFF is entitled, pursuant to Labor Code § 1194(a), to recover the unpaid balance

7  of the full amount of this overtime wage compensation due, including interest thereon, together with

8  reasonable attorney's fees and costs of suit.

9      44.    Labor Code § 558 provides for a civil penalty to be assessed against any employer or

10  other person acting on behalf of an employer who violates, or causes to be violated Labor Code § 510

11  and/or section 3 of the Wage Orders, regulating hours and days of work.

12      45.    PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS,

13  and each of them, at all relevant times herein, were PLAINTIFF's employer or acting on behalf of

14  PLAINTIFF's employer pursuant to Labor Code § 558 for purposes of the Labor Code violations

15  alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

16      46.    PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS,

17  and each of them, at all relevant times herein, were PLAINTIFF's "employer" as defined by the Wage

18  Orders for purposes of violations of Wage Orders alleged in this cause of action, and are therefore

19  subject to civil penalties payable to PLAINTIFF. The Wage Orders define "employer" as any person

20  "who directly or indirectly, or through an agent or any other person, employs or exercises control over

21  wages, hours, or working conditions of any person."

22      47.    As a direct and proximate result of the conduct of DEFENDANTS, and each of them,

23  in violation of Labor Code § 510 and/or section 3 of the Wage Orders, PLAINTIFF is entitled,

24  pursuant to Labor Code § 558, 2699, and 2699.3, to recover a penalty of $50 for each underpaid

25  employee for each pay period for which the employee is underpaid in addition to an amount sufficient

26  to recover underpaid wages for any initial violation; and $100 for each underpaid employee for each

27

LAW OFFICES OF
GREGORY A.
DOUGLAS

12

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

1   pay period for which the employee is underpaid in additional to an amount sufficient to recover unpaid

2   wages for each subsequent violation.

3       48.    Labor Code § 558.1 is broader than section 558. It applies to "[a]ny employer or other

4   person acting on behalf of an employer, who violates, or causes to be violated, any provision

5   regulating minimum wages or hours and days of work in any order of the Industrial Welfare

6   Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802."

7       49.    Section 558.1(a) states clearly that any such person "may be held liable as the employer

8   for such violation." Section 558.1(b) limits the term "other person acting on behalf of an employer" to

9   "a natural person who is an owner, director, officer, or managing agent of the employer, and the term

10  "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code."

11      50.    Pursuant to Section 558.1, DEFENDANTS are liable for damages to PLAINTIFF set

12  forth in this cause of action.

13      51.    PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1),

14  as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action,

15  prior to commencing this action. PLAINTIFF therefore has a private right of action against

16  DEFENDANTS, and each of them, for penalties under Labor Code §§ 2698-2699.5.

17                        **SECOND CAUSE OF ACTION**

18  **(Failure to Maintain Records - Labor Code §§ 558, 558.1, 1174, and 1174.5, 2699, 2699.3, and**

19  **2699.5 Against GHOST MOUNTAIN RV RESORT, L.L.C., DOES 1-10, and DOES 11-20)**

20      52.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each

21  and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

22      53.    Labor Code § 1174 (c) and (d) requires employers to keep records showing the names

23  and addresses of all employees employed and the ages of all minors, and to keep, at a central location

24  in the state or at the plants or establishments at which employees are employed, payroll records

25  showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned

26  by and any applicable piece rate paid to, employees employed at the respective plants or

27

LAW OFFICES OF
GREGORY A.
DOUGLAS

                                13
            PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

1   establishments. These records are required to be kept in accordance with rules established for this

2   purpose by the commission, but in any case shall be kept on file for not less than two years.

3        54.    At all relevant times herein, GHOST MOUNTAIN RV, DOES 1-10, and DOES 11-20

4   knowingly, intentionally, and willfully violated Labor Code § 1174 (c) and (d) by knowingly,

5   intentionally, and willfully failing to keep accurate and complete payroll records reflecting the number

6   of hours worked daily by PLAINTIFF and the wages paid to PLAINTIFF.

7        55.    Labor Code § 1174.5 provides that any person employing labor who willfully fails to

8   maintain the records required by Labor Code § 1174 (c), or accurate and complete records required by

9   Labor Code § 1174 (d), shall be subject to a civil penalty in the amount of $500.

10       56.    Labor Code § 558 provides for a civil penalty to be assessed against any employer or

11   other person acting on behalf of an employer who violates, or causes to be violated, a provision of the

12   California Labor Code regulating wages, hours and working conditions.

13       57.    PLAINTIFF is informed and believes, and on that basis alleges, that Defendants, and

14   each of them, at all relevant times herein, were PLAINTIFF's employer or acting on behalf of

15   PLAINTIFF's employer pursuant to Labor Code § 558 for purposes of the Labor Code violations

16   alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

17       58.    Labor Code § 558.1 is broader than section 558. It applies to "[a]ny employer or other

18   person acting on behalf of an employer, who violates, or causes to be violated, any provision

19   regulating minimum wages or hours and days of work in any order of the Industrial Welfare

20   Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802."

21       59.    Section 558.1(a) states clearly that any such person "may be held liable as the employer

22   for such violation." Section 558.1(b) limits the term "other person acting on behalf of an employer" to

23   "a natural person who is an owner, director, officer, or managing agent of the employer, and the term

24   "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code."

25       60.    Pursuant to Section 558.1, DEFENDANTS are liable for damages to PLAINTIFF set

26   forth in this cause of action.

27

61.     As a direct and proximate result of the willful conduct of GHOST MOUNTAIN RV, DOES 1-10, and DOES 11-20 in violation of Labor Code §§ 558, 1174 (c) and (d), PLAINTIFF is entitled to an award of a civil penalty in the amount of $500 pursuant to Labor Code § 1174.5.

62.     PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1), as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action, prior to commencing this action. PLAINTIFF therefore has a private right of action against DEFENDANTS, and each of them, for penalties under Labor Code §§ 2698-2699.5.

**THIRD CAUSE OF ACTION**

**(Failure to Provide Accurate Itemized Statements - Labor Code §§ 226, 226.3, 553, 558, 558.1, 2699, 2699.3, and 2699.5 Against GHOST MOUNTAIN RV RESORT, L.L.C., DOES 1-10, and DOES 11-20)**

63.     PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

64.     Labor Code § 226(a) requires employers, semimonthly or at the time of each payment of wages, to furnish each of its employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units and rates, if applicable, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

65.     Labor Code § 558 provides for a civil penalty to be assessed against any employer or other person acting on behalf of an employer who violates, or causes to be violated, a provision of the California Labor Code regulating wages, hours and working conditions.

66.     PLAINTIFF is informed and believes, and on that basis alleges, that Defendants, and each of them, at all relevant times herein, were PLAINTIFF's employer or acting on behalf of PLAINTIFF's employer pursuant to Labor Code § 558 for purposes of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

LAW OFFICES OF
GREGORY A.
DOUGLAS

67.     At all relevant times herein, GHOST MOUNTAIN RV, DOES 1-10, and DOES 11-20 knowingly and intentionally violated Labor Code § 226 by knowingly and intentionally failing to provide PLAINTIFF with properly and accurately itemize statements reflecting the number of hours worked by PLAINTIFF at the effective regular rates of pay and the effective overtime rates of pay.

68.     As a direct and proximate result of the conduct of GHOST MOUNTAIN RV, DOES 1-10, and DOES 11-20 in violation of Labor Code § 226(a), PLAINTIFF has suffered injury. These injuries include, but are not limited to, costs expended calculating PLAINTIFF's actual hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities, which are difficult to estimate.

69.     As a direct and proximate result of the conduct of GHOST MOUNTAIN RV, DOES 1-10, and DOES 11-20 in violation of Labor Code § 226(a), PLAINTIFF is entitled to recover the greater of all actual damages or $50 for the initial pay period in which the violation occurred, and $100.00 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of $4,000, and is entitled to an award of costs and reasonable attorney's fees.

70.     Labor Code § 226.3 provides that any employer who violates Labor Code § 226(a), or who fails to keep the records required in Labor Code § 226(a) shall be subject to a civil penalty in the amount of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation.

71.     Labor Code § 558.1 is broader than section 558. It applies to: "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802."

72.     Section 558.1(a) states clearly that any such person "may be held liable as the employer for such violation." Section 558.1(b) limits the term "other person acting on behalf of an employer" to "a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code."

LAW OFFICES OF
GREGORY A.
DOUGLAS

16
PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

Exhibit B
Notice of Removal Page 25

73.    Pursuant to Section 558.1, DEFENDANTS are liable for damages to PLAINTIFF set forth in this cause of action.

74.    As a direct and proximate result of knowing and intentional conduct of GHOST MOUNTAIN RV, DOES 1-10, and DOES 11-20 in violation of Labor Code § 226, PLAINTIFF is entitled to an award of civil penalties pursuant to Labor Code § 226.3, 2699, and 2699.3.

75.    PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1), as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action, prior to commencing this action. PLAINTIFF therefore has a private right of action against DEFENDANTS, and each of them, for penalties under Labor Code §§ 2698-2699.5.

**FOURTH CAUSE OF ACTION**

**(Failure to Pay Minimum Wage – Labor Code §§ 1197, 1197.1, 1194, 1194.2, 2699, and 2699.3 and Section 4 of the Applicable Wage Orders Against All DEFENDANTS)**

76.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

77.    Labor Code § 1197 provides that "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of less than the minimum so fixed is unlawful."

78.    At all relevant times herein, DEFENDANTS, and each of them, routinely and systematically failed to properly record accurate time records for PLAINTIFF, showing when PLAINTIFF began and ended each work period.

79.    At all relevant times herein, DEFENDANTS, and each of them, paid PLAINTIFF the Wage Rate, regardless of the actual hours worked by PLAINTIFF.

80.    By failing to properly record the actual hours worked by PLAINTIFF, and paying to PLAINTIFF the Wage Rate, regardless of the actual hours worked, DEFENDANTS, and each of them, routinely and systematically failed to pay PLAINTIFF for all of the hours actually worked at the legal minimum wage as required by Labor Code § 1197.

LAW OFFICES OF
GREGORY A.
DOUGLAS

17

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

Exhibit B
Notice of Removal Page 26

81.     Specifically, the total wages paid to PLAINTIFF, divided by the actual hours worked by PLAINTIFF, equaled an hourly rate of pay which was less than the applicable minimum wage under California law, in effect during the period worked. DEFENDANTS, and each of them, are in violation of Labor Code § 1197.

82.     As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Code § 1197, PLAINTIFF has been damaged in that the PLAINTIFF has not received all wages due and owing, and has suffered, and continues to suffer losses related to the use and enjoyment of wages and lost interest on such wages all to PLAINTIFF's damage in amounts according to proof at trial.

83.     As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Code § 1197, PLAINTIFF is entitled, pursuant to Labor Code § 1194(a), to recover the unpaid balance of the full amount of this minimum wage compensation due, including interest thereon, together with reasonable attorney's fees and costs of suit.

84.     As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Code § 1197, PLAINTIFF is entitled to recover liquidated damages pursuant to Labor Code § 1194.2, in an amount equal to wages unlawfully unpaid plus interest, according to proof at trial.

85.     Labor Code § 1197.1 provides for a civil penalty to be assessed against any employer or other person acting either individually or as an officer, agent, or employee of an employer, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission.

86.     PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS, and each of them, at all relevant times herein, were PLAINTIFF's employer or acting either individually, or as an officer, agent, or employee of PLAINTIFF's employer pursuant to Labor Code § 1197.1 for purposes of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

LAW OFFICES OF
GREGORY A.
DOUGLAS

18

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

Exhibit B
Notice of Removal Page 27

87.     As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Code § 1197, PLAINTIFF is entitled, pursuant to Labor Code § 1197.1, 2699, and 2699.3 to recover a penalty of $100 for each underpaid employee for each pay period for which the employee is underpaid for any initial violation that is intentionally committed; and $250 for each underpaid employee for each pay period for which the employee is underpaid for each subsequent violation for the same specific offense, regardless of whether the initial violation is intentionally committed.

88.     PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1), as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action, prior to commencing this action. PLAINTIFF therefore has a private right of action against DEFENDANTS, and each of them, for penalties under Labor Code §§ 2698-2699.5.

**FIFTH CAUSE OF ACTION**

**(Failure to Pay Wage on Regularly Established Paydays– Labor Code §§ 204 and 210, 2699, and 2699.3 Against All DEFENDANTS)**

89.     PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

90.     Labor Code § 204 provides in part that "all wages,…earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays…"

91.     At all relevant times herein, DEFENDANTS, and each of them, failed to pay to PLAINTIFF, on regularly established paydays, all earned wages to which PLAINTIFF was entitled, respectively, under the Labor Code and applicable Wage Orders, as alleged in this Complaint, and incorporated herein by reference.

92.     In violation of Labor Code § 204, DEFENDANTS, and each of them, at all relevant times herein, willfully and intentionally refused to perform their obligations to compensate PLAINTIFF for all wages earned.

Exhibit B
Notice of Removal Page 28

93.    Labor Code § 210 provides for a civil penalty to be assessed against "every person" who fails to pay the wages of each employee as provided in Labor Code § 204.

94.    PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANTS, and each of them, at all relevant times herein, were "person[s]" under Labor Code § 210 for purposes of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

95.    As a direct and proximate result of the conduct of DEFENDANTS, and each of them, in violation of Labor Code § 204, PLAINTIFF is entitled, pursuant to Labor Code § 210, 2699, and 2699.3 to recover a penalty of $100 for failure to pay each employee for the initial violation; and $200 for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld for each subsequent violation, or any willful or intentional violation.

96.    PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1), as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action, prior to commencing this action. PLAINTIFF therefore has a private right of action against DEFENDANTS, and each of them, for penalties under Labor Code §§ 2698-2699.5.

## SIXTH CAUSE OF ACTION

### (Failure to Provide Meal Periods and Rest Periods – Labor Code §§ 226.7, 512, and 558.1 Against GHOST MOUNTAIN RV RESORT, L.L.C.; DOES 1-10; and DOES 11-20)

97.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

98.    Cal. Lab. Code §§ 226.7 and 512 provide that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes.

99.    Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each five (5) hours of work that the meal period is not provided.

LAW OFFICES OF
GREGORY A.
DOUGLAS

20
PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

Exhibit B
Notice of Removal Page 29

100.    GHOST MOUNTAIN RV, DOES 1-10, and DOES 11-20 intentionally and improperly denied meal periods to PLAINTIFF in violation of Cal Lab. Code §§ 226.7 and 512.

101.    At all relevant times hereto, PLAINTIFF, worked more than five hours in a workday. At all relevant times hereto, GHOST MOUNTAIN RV, DOES 1-10, and DOES 11-20 has failed to provide meal periods as required by Cal. Lab Code §§ 226.7 and 512.

102.    Cal. Lab. Code § 226.7 provides that employers shall authorize and permit employees to take "rest periods at the rate of ten (10) minutes net rest time per four (4) hours of work."

103.    Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

104.    GHOST MOUNTAIN RV, DOES 1-10, and DOES 11-20 has intentionally and improperly denied rest periods to PLAINTIFF in violation of Cal. Lab. Code §§ 226.7 and 512.

105.    By virtue of GHOST MOUNTAIN RV, DOES 1-10, and DOES 11-20 unlawful failure to provide meal and rest periods to PLAINTIFF, PLAINTIFF has suffered, and will continue to suffer, damages in the amounts which are presently unknown to PLAINTIFF and which will be ascertained according to proof at trial.

106.    PLAINTIFF is informed and believes, and based upon that information and belief alleges, GHOST MOUNTAIN RV, DOES 1-10, and DOES 11-20 knows or should have known that PLAINTIFF was entitled to meal and rest periods but purposefully elected not to provide these mandated periods.

107.    Labor Code § 558.1 is broader than section 558. It applies to "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802."

108.    Section 558.1(a) states clearly that any such person "may be held liable as the employer for such violation." Section 558.1(b) limits the term "other person acting on behalf of an employer" to

LAW OFFICES OF
GREGORY A.
DOUGLAS

21

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

Exhibit B
Notice of Removal Page 30

1   "a natural person who is an owner, director, officer, or managing agent of the employer; and the term

2   "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code."

3       109.   Pursuant to Section 558.1, DEFENDANTS are liable for damages to PLAINTIFF set

4   forth in this cause of action.

5                              **SEVENTH CAUSE OF ACTION**

6   **(Failure to Pay all Wages at Time of Discharge - Labor Code §§ 201, 202, 203, 227.3, 558, 558.1,**

7   **2699, 2699.3 and 2699.5 Against GHOST MOUNTAIN RV RESORT, L.L.C., DOES 1-10, and**

8                                    **DOES 11-20)**

9       110.   PLAINTIFF re-alleges and incorporates by reference under this cause of action each

10  and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

11      111.   Labor Code § 201(a) provides "If an employer discharges an employee, the wages

12  earned and unpaid at the time of discharge are due and payable immediately..."

13      112.   Labor Code § 202(a) provides "If an employee not having a written contract for a

14  definite period quits his or her employment, his or her wages shall become due and payable not later

15  than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention

16  to quit, in which case the employee is entitled to his or her wages at the time of quitting."

17      113.   Labor Code § 227.3 provides "...whenever a contract of employment or employer

18  policy provides for paid vacations, and an employee is terminated without having taken off his vested

19  vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with

20  such contract of employment or employer policy respecting eligibility or time served..."

21      114.   Upon termination of PLAINTIFF's employment relationship, GHOST MOUNTAIN

22  RV, DOES 1-10, and DOES 11-20 willfully failed and refused to timely pay to PLAINTIFF, pursuant

23  to Labor Code §§ 201(a) and 202(a), respectively, all wages earned as alleged in this Complaint, and

24  incorporated herein by reference.

25      115.   Labor Code § 558 provides for a civil penalty to be assessed against any employer or

26  other person acting on behalf of an employer who violates, or causes to be violated, a provision of the

27  California Labor Code regulating wages, hours and working conditions.

LAW OFFICES OF
GREGORY A.
DOUGLAS

22

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

Exhibit B
Notice of Removal Page 31

116.    PLAINTIFF is informed and believes, and on that basis alleges, that Defendants, and each of them, at all relevant times herein, were PLAINTIFF's employer or acting on behalf of PLAINTIFF's employer pursuant to Labor Code § 558 for purposes of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

117.    GHOST MOUNTAIN RV, DOES 1-10, and DOES 11-20 continue to willfully fail and refuse to pay to PLAINTIFF all wages earned as alleged in this Complaint, and incorporated herein by reference.

118.    Labor Code § 558.1 is broader than section 558. It applies to "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802."

119.    Section 558.1(a) states clearly that any such person "may be held liable as the employer for such violation." Section 558.1(b) limits the term "other person acting on behalf of an employer" to "a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code."

120.    Pursuant to Section 558.1, DEFENDANTS are liable for damages to PLAINTIFF set forth in this cause of action.

121.    As a direct and proximate result of the willful conduct of GHOST MOUNTAIN RV, DOES 1-10, and DOES 11-20 in violation of Labor Code §§ 201, 202, and 227.3, PLAINTIFF is entitled, pursuant to Labor Code § 203, 2699, and 2699.3 to recover waiting time penalties, calculated as a continuance of PLAINTIFF's wages from the due date of the wage at the same rate until paid or until an action therefore is commenced, up to and including 30 days.

122.    PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1), as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action, prior to commencing this action. PLAINTIFF therefore has a private right of action against DEFENDANTS, and each of them, for penalties under Labor Code §§ 2698-2699.5.

### EIGHTH CAUSE OF ACTION

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

LAW OFFICES OF
GREGORY A.
DOUGLAS

1    (For Unfair Competition in Violation of Unfair Business Practices- Business & Professions Code
2    §§ 17200 et. seq. Against All DEFENDANTS)

3        123.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each
4    and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

5        124.    California Business & Professions Code §§ 17200 et seq. prohibits acts of unfair
6    competition, which includes any "unlawful and unfair business practices."

7        125.    The conduct by DEFENDANTS, and each of them, as alleged herein, have been and
8    continue to be unfair, unlawful, and deleterious to PLAINTIFF herein. PLAINTIFF hereby seeks to
9    enforce important rights within the meaning of Code of Civil Procedure § 1021.5. PLAINTIFF is a
10    "person" within the meaning of the Business & Professions Code § 17204, and therefore possesses
11    standing to bring this suit for injunctive relief and restitution.

12        126.    It is the policy of this State to enforce minimum labor standards, to ensure that
13    employees are not required or permitted to work under substandard and unlawful conditions, and to
14    protect those employers who comply with the law from losing competitive advantage to other
15    employers who fail to comply with labor standards and requirements.

16        127.    Through the conduct alleged herein, DEFENDANTS, and each of them, acted contrary
17    to these public policies and have engaged in unlawful and/or unfair business practices in violation of
18    Business & Professions Code §§ 17200 et. seq. depriving PLAINTIFF herein, of the rights, benefits,
19    and privileges guaranteed to employees under California law.

20        128.    DEFENDANTS, and each of them, regularly and routinely violated the Wage Orders
21    and Labor Code with respect to PLAINTIFF as alleged in this Complaint, and incorporated herein by
22    reference.

23        129.    DEFENDANTS, and each of them, regularly and routinely failed to provide
24    PLAINTIFF adequate meal and rest breaks as required by the applicable Wage Order of the Industrial
25    Welfare Commission and California Labor Code § 226.7. DEFENDANTS acts constitute unfair and
26    unlawful business practices under Business and Professions Code § 17200, et seq.

27

1      130.    By engaging in theses business practices, which are unfair business practices within the

2   meaning of Business & Professions Code §§ 17200-et. scq., DEFENDANTS, and each of them,

3   harmed PLAINTIFF herein, and thus by that design and plan gained an unfair competitive edge in the

4   marketplace.

5      131.    Under Business & Professions Code § 17203, PLAINTIFF is entitled to obtain

6   restitution of these funds from GHOST MOUNTAIN RV, DOES 1-10, and DOES 11-20 on behalf of

7   herself and others affected by the unfair business practices of DEFENDANTS, and each of them, as

8   enumerated herein.

9      132.    Pursuant to Business & Professions Code § 17203, injunctive relief is necessary to

10   prevent DEFENDANTS, and each of them, from continuing to engage in the unfair business practices

11   as alleged herein.  PLAINTIFF is informed and believes, and based thereon alleges, that

12   DEFENDANTS, and each of them, and persons acting in concert with them, have committed and will

13   continue to commit the above unlawful acts unless restrained or enjoined by this Court. Unless the

14   relief prayed for below is granted, a multiplicity of actions will result.  PLAINTIFF has no plain,

15   speedy, or adequate remedy at law, in that pecuniary compensation would not afford adequate and

16   complete relief.  The above-described acts will cause great and irreparable damage to PLAINTIFF

17   herein, unless DEFENDANTS, and each of them, are restrained from committing further illegal acts.

18      133..   PLAINTIFF's success in this action will result in the enforcement of important rights.

19   Private enforcement of the rights enumerated in this complaint is necessary, as public agencies have

20   only sought limited enforcement of those rights, if any. PLAINTIFF, individually and by and through

21   counsel, has incurred and continues to incur a financial burden in pursuing this action. PLAINTIFF

22   further seeks to enjoin the above-referenced unlawful actions under the Labor Code. Therefore,

23   PLAINTIFF seeks an award of attorney's fees and costs of suit on this cause of action pursuant to

24   Code of Civil Procedure § 1021.5 and other applicable Labor Code sections.

25                            NINTH CAUSE OF ACTION

26

27

GREGORY A.
DOUGLAS

                                       25
        PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

(Failure to Permit the Inspection or Copy of Records - Labor Code § 226, 558, 558.1, 2699, 2699.3 and 2699.5 Against GHOST MOUNTAIN RV RESORT, L.L.C., DOES 1-10, and DOES 11-20)

134.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

135.    Labor Code § 226 (b) and (c) requires an employer to afford current and former employees the right to inspect or copy records pertaining to that current or former employee, upon reasonable request to the employer, as soon as practicable, but no later than 21 calendar days from the date of the request.

136.    Notwithstanding PLAINTIFF's reasonable request to inspect or copy their respective employment records, GHOST MOUNTAIN RV, DOES 1-10, and DOES 11-20 failed and refused to permit PLAINTIFF to inspect or copy PLAINTIFF's employment records within the time set forth in Labor Code § 226 (c).

137.    GHOST MOUNTAIN RV, DOES 1-10, and DOES 11-20 continue to fail and refuse to permit PLAINTIFF to inspect or copy PLAINTIFF's employment records.

138.    Labor Code § 558 provides for a civil penalty to be assessed against any employer or other person acting on behalf of an employer who violates, or causes to be violated, a provision of the California Labor Code regulating wages, hours and working conditions.

139.    PLAINTIFF is informed and believes, and on that basis alleges, that Defendants, and each of them, at all relevant times herein, were PLAINTIFF's employer or acting on behalf of PLAINTIFF's employer pursuant to Labor Code § 558 for purposes of the Labor Code violations alleged in this cause of action, and are therefore subject to civil penalties payable to PLAINTIFF.

140.    Labor Code § 558.1 is broader than section 558. It applies to "[a]ny employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802."

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

LAW OFFICES OF
GREGORY A.
DOUGLAS

141.    Section 558.1(a) states clearly that any such person "may be held liable as the employer for such violation." Section 558.1(b) limits the term "other person acting on behalf of an employer" to "a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent" has the same meaning as in subdivision (b) of Section 3294 of the Civil Code."

142.    Pursuant to Section 558.1, DEFENDANTS are liable for damages to PLAINTIFF set forth in this cause of action.

143.    As a direct and proximate result of the conduct of GHOST MOUNTAIN RV, DOES 1-10, and DOES 11-20 in violation of Labor Code § 226 (b) and (c), PLAINTIFF is entitled, pursuant to Labor Code § 226 (f), 2699, and 2699.3 to recover a penalty of $750.

144.    PLAINTIFF has complied with the Notice requirements of Labor Code § 2699.3(a)(1), as set for in paragraph 2 regarding the violations of the Labor Code alleged in this cause of action, prior to commencing this action. PLAINTIFF therefore has a private right of action against DEFENDANTS, and each of them, for penalties under Labor Code §§ 2698-2699.5.

### TENTH CAUSE OF ACTION

**(Sexual Harassment in Violation of FEHA- Hostile Work Environment – Govt. Code § 12955(a), (d) Against GHOST MOUNTAIN RV, DOES 1-10, DOES 11-20)**

145.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

146.    At all times herein mentioned, FEHA, Govt. Code Section 12955(a) and (d), was in full force and effect and was binding on DEFENDANTS. This statute requires DEFENDANTS to refrain from sexually harassing their employees. Within the time provided by law, PLAINTIFF filed and received a right-to-sue letter in full compliance with administrative requirements.

147.    As identified herein, during PLAINTIFF'S employment with DEFENDANTS, DEFENDANTS engaged in actions that constituted sexual harassment of PLAINTIFF. These actions created a hostile working environment for PLAINTIFF.

148.    All of these actions were taken against PLAINTIFF'S will and desire and over her protests. These acts of misconduct occurred from at least May 2021, until April 2022 when

LAW OFFICES OF
GREGORY A.
DOUGLAS

27

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

Exhibit B
Notice of Removal Page 36

1   PLAINTIFF'S employment was wrongfully terminated. DEFENDANTS took no action to prevent the

2   sexual harassment of PLAINTIFF.

3       149.    As a proximate result of DEFENDANTS' willful, knowing, and intentional sexual

4   harassment of PLAINTIFF, PLAINTIFF has sustained and continued to sustain damages, including

5   losses of earnings and benefits, according to proof.

6       150.    As a proximate result of DEFENDANTS' willful, knowing, and intentional sexual

7   harassment of PLAINTIFF, PLAINTIFF has suffered and continues to suffer humiliation, emotional

8   distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

9       151.    DEFENDANTS' sexual harassment was done intentionally, in a malicious,

10  oppressive, fraudulent manner, entitling PLAINTIFF to punitive damages.

11      152.    PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees.

12  PLAINTIFF is at present unaware of the precise amounts of these expenses and fees and will seek

13  leave of court to amend this Complaint when the amounts are known.

14                          **ELEVENTH CAUSE OF ACTION**

15  **(Violation of FEHA – Quid pro Quo Sexual Harassment – Govt. Code § 12940(j) Against GHOST**

16                      **MOUNTAIN RV, DOES 1-10; DOES 11-20)**

17      153.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each

18  and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

19      154.    At all times herein mentioned, FEHA, Govt. Code section 12940(j), was in full force

20  and effect and was binding on DEFENDANTS. This statute requires DEFENDANTS to refrain from

21  sexually harassing any employee on the basis of sex or gender. Within the time provided by law,

22  PLAINTIFF filed and received a right-to-sue letter in full compliance with administrative

23  requirements.

24      155.    During PLAINTIFF'S employment, DEFENDANTS' agents and supervisors

25  subjected PLAINTIFF to unwelcomed sexual advances or other verbal, visual, or physical conduct of

26  a sexual nature. PLAINTIFF'S rejection and complaints regarding the conduct was used as the basis

27  for employment decisions negatively affecting PLAINTIFF. All of these actions were taken against

LAW OFFICES OF
GREGORY A.
DOUGLAS

28

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

Exhibit B
Notice of Removal Page 37

1  PLAINTIFF'S will and desire and over her protests. DEFENDANTS' agents and supervisors knew or

2  should have known of the harassing conduct and failed to take immediate and appropriate corrective

3  action.

4        156.    As a proximate result of DEFENDANTS' willful, knowing, and intentional sexual

5  harassment of PLAINTIFF, PLAINTIFF has sustained and continued to sustain damages, including

6  losses of earnings and benefits, according to proof.

7        157.    As a proximate result of DEFENDANTS' willful, knowing, and intentional sexual

8  harassment of PLAINTIFF, PLAINTIFF has suffered and continues to suffer humiliation, emotional

9  distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

10       158.    DEFENDANTS' sexual harassment was done intentionally, in a malicious,

11  oppressive, fraudulent manner, entitling PLAINTIFF to punitive damages.

12       159.    PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees.

13  Pursuant to Govt Code section 12965(b), PLAINTIFF is entitled to recovery reasonable attorneys' fees

14  and costs (including expert costs) in an amount according to proof.

15                       **TWELFTH CAUSE OF ACTION**

16  **(Violation of FEHA - Failure to Prevent Harassment and Retaliation [Gov. Code §§ 12940, et seq.**

17  **Against GHOST MOUNTAIN RV, DOES 1-10, DOES 11-20)**

18       160.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each

19  and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

20       161.    California Government Code Section 12940(k) makes it an unlawful employment

21  practice for an employer to "fail to take all reasonable steps necessary to prevent discrimination and

22  harassment from occurring." DEFENDANTS, and each of them violated this provision including, but

23  not limited to allowing said harassment to continue; failing to discipline and stop said harassment; and

24  failing to appropriately investigate PLAINTIFF'S complaints of harassment.

25       162.    As a direct and proximate result of the unlawful conducts of DEFENDANTS, DOES

26  1-10, and DOES 11-20, PLAINTIFF has suffered general damages including but not limited to shock,

27

29

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

1   embarrassment, physical distress and injury, emotional distress, stress and other damages to be proven

2   at the time of trial.

3       163.     DEFENDANTS, DOES 1-10, and DOES 11-20, committed the acts herein alleged

4   maliciously, fraudulently, and oppressively in conscious disregard for PLAINTIFF'S rights, as set

5   forth above in detail, DEFENDANTS, DOES 1-10, and DOES 11-20 committed and/or ratified the

6   acts alleged herein. These acts were committed with the knowledge of employees' lack of fitness in

7   the workplace but were allowed to proceed by officers, directors and/or managing agents of GHOST

8   MOUNTAIN RV, DOES 1-10, and DOES 11-20. PLAINTIFF is, therefore, entitled to recover

9   punitive damages from DEFENDANTS, DOES 1-10, and DOES 11-20 in an amount according to

10   proof at trial.

11       164.     PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees.

12   Pursuant to Govt Code section 12965(b), PLAINTIFF is entitled to recovery reasonable attorneys' fees

13   and costs (including expert costs) in an amount according to proof.

14                 **THIRTEENTH CAUSE OF ACTION**

15   **(Retaliation for Engaging in Protected Activity – Violation of FEHA – Govt Code §§ 12940, et seq.**

16                **Against GHOST MOUNTAIN RV, DOES 1-10, DOES 11-20)**

17       165.     PLAINTIFF re-alleges and incorporates by reference under this cause of action each

18   and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

19       166.     PLAINTIFF's complaints to DEFENDANTS about sexual harassment, as well as

20   actual and/or perceived sexual orientation, marital status, race, and/or other characteristics protected

21   by FEHA, Govt. Code section 12900, et seq., were motivating factors in DEFENDANTS' decision not

22   to retain, hire, or otherwise employ PLAINTIFF in any position and/or take other adverse employment

23   action, including wrongful termination against PLAINTIFF.

24       167.     DEFENDANTS' agents and supervisors frequently made extremely inappropriate,

25   sexually explicit comments and advances directed to and in front of PLAINTIFF.

26

27

168.    PLAINTIFF complained to DEFENDANTS about the inappropriate comments, behaviors and sexual harassment, but nothing was done. On the basis of the above, PLAINTIFF believes an alleges that DEFENDANT retaliated against her for her complaints of sexual harassment.

169.    PLAINTIFF complained to DEFENDANTS of the sexual harassment she experienced. Thereafter, DEFENDANTS retaliated against PLAINTIFF by harassing her and taking adverse employment actions against her, in major part because she reported the sexual harassment.

170.    PLAINTIFF'S actual and/or perceived sexual orientation, marital status, race and/or other characteristics protected by FEHA, Govt. Code section 12900, *et seq.*, were motivating factors in DEFENDANTS decision not to retain, hire, or otherwise employ PLAINTIFF in any position and/or to take other adverse employment action, including termination, against PLAINTIFF.

171.    DEFENDANTS conduct, as alleged, violated FEHA, Govt. Code section 12900, *et seq.*, and DEFENDANTS committed unlawful employment practices, including by the following, separate bases for liability:

a.  Barring, discharging, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's actual and/or perceived sexual orientation, marital status, race, and/or other protected characteristics, in violation of Govt. Code Section 12940(a);

b.  Retaliating against plaintiff for her complaints to defendants about the sexual harassment she was experiencing by taking adverse employment actions against her in violation of Govt. Code section 12940(f);

c.  Harassing plaintiff and/or creating a hostile work environment, in whole or in part on the basis of plaintiff's actual and/or perceived sexual orientation, marital status, race, and/or other protected characteristics, in violation of Government Code section 12940(j);

d.  Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation on the basis of actual and/or perceived sexual orientation, marital status, and race, in violation of Government Code section 12940(k);

LAW OFFICES OF
GREGORY A.
DOUGLAS

31

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

Exhibit B
Notice of Removal Page 40

e. Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendant's failure to recognize such rights, including the right to be free of discrimination, in violation of Government Code section 12940(h).

172.    As a proximate result of DEFENDANTS' willful, knowing, and intentional sexual harassment of PLAINTIFF, PLAINTIFF has sustained and continued to sustain damages, including losses of earnings and benefits, according to proof.

173.    As a proximate result of DEFENDANTS' willful, knowing, and intentional sexual harassment of PLAINTIFF, PLAINTIFF has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

174.    DEFENDANTS' sexual harassment was done intentionally, in a malicious, oppressive, fraudulent manner, entitling PLAINTIFF to punitive damages.

175.    PLAINTIFF has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Govt Code section 12965(b), PLAINTIFF is entitled to recovery reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

## FOURTEENTH CAUSE OF ACTION

### (Violation of Labor Code Section 1102.5 Against ALL DEFENDANTS)

176.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

177.    DEFENDANTS terminated PLAINTIFF'S employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, PLAINTIFF's employment was terminated in part because of her protected status (i.e., race, national origin, color..., and/or good faith complaints). These actions were in violation of California Labor Code section 1102.5, the FEHA, and the California Constitution.

178.    At all relevant times, Labor Code section 1102.5 was in effect and binding on DEFENDANTS. This statute prohibits DEFENDANTS from retaliating against any employee, including PLAINTIFF, for raising complaints of illegality.

LAW OFFICES OF
GREGORY A.
DOUGLAS

-32-
PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

179.     PLAINTIFF raised complaints of illegality, including but not limited to: Wage violations, sexual harassment, retaliation, and other workplace violations while she worked with DEFENDANTS. DEFENDANTS retaliated against her by discriminating against her, harassing her, and taking adverse employment actions, including wrongfully terminating her employment.

180.     As a proximate result of DEFENDANTS' wrongful termination of PLAINTIFF'S employment in violation of fundamental policies, PLAINTIFF has suffered and continued to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

181.     As a result of DEFENDANTS wrongful termination of her employment, PLAINTIFF has suffered general and special damages in sums according to proof.

182.     PLAINTIFF has incurred and continued to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, et seq., PLAINTIFF is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

183.     DEFENDANTS' misconduct was committed intentionally, in a malicious, oppressive, fraudulent manner, entitling PLAINTIFF to punitive damages against DEFENDANTS according to proof.

**FIFTEENTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress Against ALL DEFENDANTS)**

184.     PLAINTIFF re-alleges and incorporates by reference under this cause of action each and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

185.     The conduct of the employees in a management position at GHOST MOUNTAIN RV, as set forth above, was extreme and outrageous. DEFENDANTS' knew that the unlawful, and retaliatory conduct would likely result in harm.

186.     The conduct of GHOST MOUNTAIN RV and its employees was intended to cause severe emotional distress or was done in conscious disregard of the probability of causing such distress. Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace. DEFENDANTS and their employees abused their

LAW OFFICES OF
GREGORY A.
DOUGLAS

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

1   positions of authority, and engage in conduct intended to threaten, humiliate, and embarrass

2   PLAINTIFF and convey that she was powerless against them.

3       187.   DEFENDANTS' supervisors and/or management personnel were notified of said

4   conduct, yet took no subsequent steps to end the harassment, thus failing to protect PLAINTIFF from

5   the harm.

6       188.   As a proximate and legal result of DEFENDANTS retaliatory actions against

7   PLAINTIFF, PLAINTIFF has been harmed in that she suffered and continues to suffer severe physical

8   sickness and injury, emotional distress, including nervousness, grief, anxiety, worry, shock,

9   embarrassment, humiliation, indignity, apprehension, depression, guilt, and sadness, all in amounts

10   according to proof.

11                     **SIXTEENTH CAUSE OF ACTION**

12      **(Negligent Infliction of Emotional Distress Against ALL DEFENDANTS)**

13       189.   PLAINTIFF re-alleges and incorporates by reference under this cause of action each

14   and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

15       190.   In carrying out the above conduct, DEFENDANTS were negligent because they

16   breached their duty to provide PLAINTIFF with a workplace free from retaliation, discrimination, and

17   harassment, thereby abusing their positions of authority. DEFENDANTS were aware of

18   discriminatory, harassing and retaliatory conduct because PLAINTIFF repeatedly reported it to the

19   supervisors and/or management. The conduct of DEFENDANTS and DEFENDANTS

20   employees/agents and management personnel exceeded the inherent risks of employment and was not

21   the sort of conduct a reasonable person could cope with and expect to occur within the workplace.

22       191.   DEFENDANTS knew, or should have known, that the unlawful conduct would cause

23   PLAINTIFF extreme and serious emotional distress.

24       192.   As a proximate and legal result of DEFENDANTS retaliatory actions against

25   PLAINTIFF, PLAINTIFF has been harmed in that she suffered and continues to suffer severe physical

26   sickness and injury, emotional distress, including nervousness, grief, anxiety, worry, shock,

27

1    embarrassment, humiliation, indignity, apprehension, depression, guilt, and sadness, all in amounts

2    according to proof.

3         193.   As a result of DEFENDANTS actions, PLAINTIFF sustained economic damages to

4    be proven at trial. As a further result of DEFENDANTS actions, PLAINTIFF suffered emotional

5    distress; resulting in damages to be proven at trial.

6         194.   DEFENDANTS misconduct was committed intentionally, in a malicious, oppressive,

7    fraudulent manner, entitling PLAINTIFF to punitive damages against DEFENDANTS according to

8    proof.

9    **SEVENTEENTH CAUSE OF ACTION**

10   **(Wrongful Termination in Violation of Public Policy Against ALL DEFENDANTS)**

11        195.   PLAINTIFF re-alleges and incorporates by reference under this cause of action each

12   and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

13        196.   PLAINTIFF'S employment was wrongfully terminated in violation of fundamental

14   public policies of the State of California, with respect to retaliation for making a bone fide complaint

15   about a wage and hour violation for failure to properly compensate PLAINTIFF under the law of

16   California and for making bone fide complaints about ongoing sexual harassment, hostile work

17   environment and retaliation. These public policies are stated in the Fair Employment and Housing Act

18   ("FEHA"), the California Labor Code, the California Constitution and in other common law statutes.

19        197.   PLAINTIFF'S termination was wrongful and in violation of the fundamental

20   principles of the public policy of the State of California as reflected in its law, objective and policies.

21   The conduct that violated these policies is stated above in greater detail and consists generally of the

22   fact that PLAINTIFF was terminated as a result of making bone fide good faith complaints to

23   DEFENDANTS regarding wage violations and harassment.

24        198.   As a direct and foreseeable result of the aforesaid acts of DEFENDANTS,

25   PLAINTIFF lost and will continue to lose income in an amount to be proven at the time of trial.

     PLAINTIFF has also incurred costs and attorney fees.

26

27

1    199.    As a result of the aforesaid acts of DEFENDANTS, PLAINTIFF has become

2  mentally and physically upset, distressed and aggravated. PLAINTIFF claims general and punitive

3  damages for such physical and emotional distress and aggravation in a sum to be proven at trial.

4                              **EIGHTEENTH CAUSE OF ACTION**

5    **(Wrongful Termination in Violation of California Labor Code Section 98.6 Against ALL**

6                                          **DEFENDANTS)**

7    200.    PLAINTIFF re-alleges and incorporates by reference under this cause of action each

8  and every allegation made in each and every paragraph hereinabove, as if fully set forth hereunder.

9    201.    Cal. Lab. Code § 98.6(a) states that, no person shall discharge an employee or in any

10  manner discriminate against any employee or applicant for employment because the employee or

11  applicant engaged in any conduct delineated in the chapter, or because the employee or applicant for

12  employment has filed a bona fide complaint or claim or instituted or caused to be instituted any

13  proceeding under or relating to his or her rights, which are under the jurisdiction of the Labor

14  Commissioner, or because the employee has initiated any action or notice pursuant to Section 2699...

15    202.    Cal. Lab. Code § 98.6(b) states that, any employee who is discharged, threatened with

16  discharge, demoted, suspended, or in any other manner discriminated against in the terms and

17  conditions of his or her employment because the employee engaged in any conduct delineated in the

18  chapter, or because the employee has made a bona fide complaint or claim to the division pursuant to

this part, or because the employee has initiated any action or notice pursuant to Section 2699 shall be

19  entitled to reinstatement and reimbursement for lost wages and work benefits caused by those acts of

20  the employer.

21    203.    As a direct result of PLAINTIFF making bone fide complaints to DEFENDANTS

22  regarding wage violations, and sexual harassment, PLAINTIFF was wrongfully terminated from her

23  employment.

24    204.    Cal. Lab. Code § 98.6 provides for a civil penalty, including but not limited to lost

25  wages and work benefits, to be assessed against any employer or other person acting on behalf of an

26  employer who violates, or causes to be violated, a provision of the California Labor Code regulating

27  discrimination against any employee engaged in any conduct delineated in the Labor Code section.

LAW OFFICES OF
GREGORY A.
DOUGLAS

                                          36
          PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

205.    As a direct and foreseeable result of the aforesaid acts of DEFENDANTS, PLAINTIFF lost and will continue to lose income in an amount to be proven at the time of trial. PLAINTIFF has also incurred attorney fees.

206.    As a result of the aforesaid acts of DEFENDANTS, PLAINTIFF has become mentally and physically upset, distressed and aggravated. PLAINTIFF claims general and punitive damages for such physical and emotional distress and aggravation in a sum to be proven at trial.

WHEREFORE, PLAINTIFF respectfully prays this Court enter judgment in favor of PLAINTIFF, and against DEFENDANTS, and each of them, as follows:

1.    For compensatory damages as may be established according to proof at trial;

2.    For all unpaid wages as may be established according to proof at trial;

3.    For liquidated damages as may be established according to proof at trial;

4.    For prejudgment and post-judgment interest on all damages awarded, at the legal rate;

5.    For all statutory and civil penalties as may be established according to proof at trial;

6.    Damages for meal premiums not paid to PLAINTIFF in an amount to be determined at trial;

7.    For punitive damages;

8.    For reasonable attorney's fees;

9.    For costs of suit incurred;

10.    For restitution of all monies due to PLAINTIFF, and disgorgement of profits from the unlawful business practices of DEFENDANTS, and each of them;

11.    For a preliminary and permanent injunction ordering DEFENDANTS, and each of them, to cease such unlawful and unfair practices as alleged hereinabove and proved to the Court at the time of trial, requiring the establishment of appropriate and effective means to prevent future violations; and

12.    For such other and further relief as the Court deems just and proper.

LAW OFFICES OF
GREGORY A.
DOUGLAS

-37-

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

DATED:      January 4, 2023        LAW OFFICES OF GREGORY A. DOUGLAS



GREGORY A. DOUGLAS, ESQ.
Attorneys for PLAINTIFF
STEPHANIE SMITH

-38-

PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND STATUTORY PENALTIES

LAW OFFICES OF
GREGORY A.
DOUGLAS